PIERCE, Judge.
Appellant Raymond S. Surber brings the instant appeal to this Court from a judgment of conviction and sentence entered by the Pinellas County Circuit Court, consequent upon a jury verdict finding him guilty under an information charging the breaking and entering of a building other than a dwelling house with intent to commit a misdemeanor.
The only point argued here challenging the judgment appealed is that the evidence at the trial, all of which was circumstantial, was legally insufficient to support the verdict. A careful inspection of the record and briefs discloses this point to be palpably without merit.
Garcia’s TV Sales and Service was a business owned and operated in St. Peters-burg by John M. Garcia and his wife. On May 26, 1968, shortly after midnight, they locked up their place of business and proceeded to their home about 100 yards away. About two hours later, while they were asleep, the burglar alarm went off in their home, indicating someone had entered the store. The Garcias immediately were awakened and upon looking out the window “observed that the back light over the rear door of the store was out”, but could observe “someone standing there” at the rear door. They immediately called the Sheriff’s office and the deputies arrived “about a minute later”. Investigation disclosed that the office desk “had been gone through” and certain TV sets and a police monitor radio had been moved around. Two watches owned by the Garcias which had been in the office desk drawer had been taken.
Officer Faircloth testified he saw appellant Surber and another person inside the TV store at about 2:20 A.M. Officer Bender testified that when he appeared on the scene he saw two men run from the front of the building. They were ordered to stop. One did stop but the other kept running and was shot at. The one who stopped was appellant Surber and found on his person were two watches identified by the Garcias as being those they had left in the desk drawer.
We accept the statement contained in Surber’s brief filed in this Court that “the case made by the State” established the following: “(1) That the Appellant was not the only one present in the store when the police arrived; (2) That no one saw the Appellant enter the premises; (3) That no one actually saw the Appellant take any property from inside the TV Store; (4) That the Appellant and another person were seen leaving the place in question; (5) That watches, identified as having belonged to one of the owner-operators of the store, were taken from the person of the Appellant when he was arrested outside the store area; and (6) That no one testified as to how the Appellant came to be in possession of the watches at the time.”
Items (4) and (5) are amply sufficient to sustain the guilty verdict of burglarizing the store with the requisite intent to steal. Surber did not testify and made no attempt to disprove, or even challenge, the evidence for the State. Items (1), (2), (3), and (6), refer to matters which are not at all essential to establishing Surber’s guilt.
The State proved that the TV shop had been broken into at around 2 or 2:30 o’clock in the morning, that certain identified watches had been taken from one of *831 the drawers in the office desk located inside the store, that Surber and another man were running away from the store, that upon command of the officers Sur-ber stopped, that Surber was then found in possession of the two stolen watches. All this was uncontradicted. The State abundantly proved its case, and the judgment appealed is therefore—
Affirmed.
LILES, A. C. J., and MANN, J., concur.